**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **TAVARES MIDDLEBROOKS,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **VS.** | : | **NO. 5:07-CR-00018 (MTT)** |
| | : | |
| **UNITED STATES OF AMERICA,** | : | |
| | : | **Proceedings under 28 U.S.C. § 2255** |
| **Respondent.** | : | **Before the U.S. Magistrate Judge** |
| _____ | : | |

## RECOMMENDATION

Before the Court is Petitioner Tavares Middlebrooks' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. 2255. Doc. 129. Petitioner pleaded guilty to one count of distribution of cocaine base and was sentenced to 210 months imprisonment. In his motion, Petitioner raises various claims of ineffective assistance of counsel and contends that counsel's ineffectiveness rendered Petitioner's guilty plea unknowing and involuntary. Petitioner also alleges that the Government breached the plea agreement by failing to file a motion to reduce his sentence based on providing substantial assistance to the Government. Because Petitioner has failed to show that he was prejudiced by counsel's performance and because Petitioner has failed to show that the Government breached the plea agreement, it is hereby **RECOMMENDED** that Petitioner's motion be **DENIED**.

## BACKGROUND

**1. Course of Proceedings**

On March 15, 2007, a three-count indictment was returned in this Court charging Petitioner Tavares Middlebrooks with one count of distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2, and one count of possession with intent

1

to distribute crack cocaine in violation of  21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.[1] Following Petitioner's arrest, Petitioner was released on bond on March 21, 2007. Docs. 8, 15. On August 22, 2007, a superseding indictment was returned against Petitioner charging him with two additional counts of distributing crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2, stemming from an arrest that occurred subsequent to Petitioner's release on bond. Doc. 41. A bench warrant and detainer were then issued against Petitioner. Docs. 47, 63.[2]

Petitioner appeared before the Court for arraignment and entered a not guilty plea to all charges on October 5, 2007. Doc. 65. Petitioner was represented at arraignment by attorney Clinton Alan Wheeler, who was appointed to represent Petitioner following the withdrawal of Petitioner's initial counsel. Doc. 59. Following discovery and plea negotiations, Petitioner entered into a plea agreement on January 11, 2008. Doc. 71. Petitioner agreed to plead guilty to one count of distributing crack cocaine in exchange for the Government's dismissal of the three remaining counts against Petitioner. Id.

Following the entry of Petitioner's guilty plea, the Court granted (Doc. 44) the Government's Motion for Release Pending Sentencing (Doc. 74), allowing Petitioner an opportunity to provide assistance to the Government. Despite the release order, however, Petitioner remained incarcerated at the Butts County Jail due a hold that was placed on him in Butts County. Doc. 150 at 10.

Petitioner appeared in court for sentencing on April 10, 2008. Doc. 80. Based on the findings of the Presentence Investigation Report (PSR), Petitioner had a total offense level of 32

---

[1] A third count charged co-defendant John Michael Bullard with possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) and 18 U.S.C. § 2.
[2] At the time that the superseding indictment was issued, Petitioner was incarcerated at the Butts County Jail. See Doc. 49.

due to Petitioner's career offender status and a criminal history of VI. Doc. 120 at 3-4. Petitioner therefore faced a sentencing guideline range of 210 to 240 months. Id. at 4. The Court accepted the PSR and sentenced Petitioner to 210 months imprisonment followed by three years of supervised release. Id. Petitioner did not file a direct appeal at that time.

On January 12, 2009, Petitioner filed his first Section 2255 motion alleging, *inter alia*, that his counsel had failed to file a direct appeal after Petitioner requested him to do so. Doc. 90. The Federal Defender's Office was appointed to represent Petitioner and an evidentiary hearing was scheduled to determine the merits of the motion. Doc. 94. Prior to the evidentiary hearing, the parties agreed that Petitioner should be afforded an out-of-time appeal. Doc. 102. On August 18, 2009, the Court ordered that Petitioner's judgment be vacated and that a new judgment be entered in order to reset Petitioner's ten-day period to file a notice of appeal. Doc. 105. Judgment was entered on August 19, 2009. Docs. 106, 107. On August 25, 2009, Petitioner filed a notice of appeal. Doc. 108. Following appellate counsel John Francisco's filing of a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and an independent review of the entire record, the Eleventh Circuit affirmed Petitioner's conviction and sentence on July 26, 2010. Doc. 126. On July 15, 2011, Petitioner filed the instant Section 2255 motion. Doc. 129.

## 2. The Plea Agreement

On January 11, 2008, Petitioner signed a written plea agreement in which he agreed to plead guilty to Count One of the superseding indictment charging him with distribution of crack cocaine in exchange for the Government's dismissal of Counts Three, Four, and Five of the superseding indictment. Doc. 71. By signing the plea agreement, Petitioner agreed that he understood the following: (1) that he was knowingly and voluntarily entering a plea of guilty to Count One; (2) that his guilty plea subjected him to a maximum of twenty years imprisonment;

(3) that the Court was not bound by any sentencing estimates provided by Petitioner's counsel or the Government; (4) that he would not be able to withdraw his plea because he received an estimated guideline range from his counsel or the government that was different than that computed in his PSR; (5) that the Court would not be able to determine the appropriate guideline range until after a PSR was completed; (6) that the Court had the authority under certain circumstances to impose a sentence that was more or less severe than the sentence called for by the guidelines; and (7) that he waived his right to appeal or collaterally attack his sentence except in limited circumstances. Id. at ¶¶ 3(A)-(H). The plea agreement also stated that "[n]othing herein limits the sentencing discretion of the Court." Id. at ¶ 5.

The plea agreement also stated that Petitioner may benefit by cooperating with the Government and by accepting responsibility. The plea agreement stated that if Petitioner fully cooperated with the Government that he may receive the benefits of a substantial assistance motion pursuant to Section 5K1.1 of the Sentencing Guidelines or Rule 35(b) of the FEDERAL RULES OF CRIMINAL PROCEDURE. Id. at ¶ 4(B). Petitioner, however, agreed that he understood that "the determination as to whether defendant has provided 'substantial assistance' rests solely with the Government. Any good faith efforts on the part of the defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result" in either a Section 5K1.1 or Rule 35(b) motion. Id. The plea agreement also stated that if defendant manifests an acceptance of responsibility, the Government would recommend a downward adjustment in the advisory guideline range. Id. at ¶ 4(D). Petitioner agreed that he understood that "the decision whether the defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion." Id.

The plea agreement stipulated the facts giving rise to Count One of the indictment. Id. at ¶ 7. The parties stipulated that on or about July 24, 2006, a confidential informant called Petitioner and arranged a sale of crack cocaine. Petitioner then met the informant in Thomaston, Georgia, where Petitioner sold the informant crack cocaine. Id. The parties further stipulated that Petitioner's sentencing guideline range would be based on at least one but less than two grams of crack cocaine. Id.

The plea agreement was signed by Petitioner and his attorney. By signing the agreement, Petitioner confirmed that he discussed the agreement with his attorney and that he fully understood the agreement and agreed to all terms. Doc. 71.

### 3.  The Evidentiary Hearing

On October 26, 2012, the Court held an evidentiary hearing regarding Petitioner's claims. Doc. 150. Both Petitioner and trial counsel Clinton Alan Wheeler testified at the hearing. The following factual determinations are based on the testimony at the hearing.

Mr. Wheeler testified that he has practiced law in Macon, Georgia, for nearly twenty years. At the time of Petitioner's representation, approximately forty percent of Mr. Wheeler's practice was devoted to criminal law, much of which was in federal court. Mr. Wheeler handled roughly twenty federal criminal cases per year during that time period.

Mr. Wheeler was not appointed as Petitioner's counsel until the superseding indictment had been returned against Petitioner. As such, Petitioner had already been rearrested following his release on bond. At the time that Mr. Wheeler began representing Petitioner, Petitioner was cooperating with the Government to some extent. Because Petitioner was already attempting to cooperate with law enforcement and because Petitioner faced the difficult task of presenting a factual defense to a controlled narcotics buy, Mr. Wheeler proceeded with the understanding that

the parties would negotiate a plea in the case. The defense's position remained that the case would be resolved by a negotiated plea.

Petitioner faced two key facts that resulted in a substantial increase in his sentence. Petitioner first faced the fact that his criminal history subjected him to the career offender enhancement. Petitioner also faced the fact that his arrest for similar criminal conduct while out on bond likely eliminated any chance of getting a sentence reduction for acceptance of responsibility. Mr. Wheeler informed Petitioner of these issues during the early stages of his representation. Because Petitioner was subject to these sentencing enhancements, Mr. Wheeler determined that the most effective way to get Petitioner the lowest possible sentence was through Petitioner's cooperating with the Government and obtaining the benefits of a Section 5K1.1 or Rule 35(b) motion.

Petitioner therefore continued to attempt to cooperate with the Government and law enforcement. On October 5, 2007, the same day that Mr. Wheeler first met Petitioner, Petitioner provided intelligence to law enforcement officers regarding the existence of a secret compartment used to store drugs in an acquaintance's automobile. Pet. Ex. 9 (Doc. 148-6). Based on that intelligence, the automobile was searched and a small piece of crack cocaine was located in the compartment. The owner of the vehicle was arrested for possession of crack cocaine. On April 7, 2008, Petitioner again met with law enforcement and provided intelligence, including a recorded conversation between Petitioner and a drug dealer regarding the potential purchase of a large quantity of cocaine. Pet. Ex. 9 (Doc. 148-7). It is unknown from the record whether that information led to an arrest. On April 8, 2008, Petitioner contacted law enforcement officers and provided intelligence regarding a known drug dealer in the Middle Georgia area. Id. Based on

that information, a male suspect was arrested and seventeen pieces of crack cocaine were found in his possession.

Although Petitioner was able to provide intelligence to law enforcement while incarcerated, Petitioner was unable to obtain his release from Butts County Jail to provide further cooperation to the Government. On January 11, 2008, following Petitioner's guilty plea, the Court granted the Government's motion to release Petitioner pending sentencing to allow Petitioner an opportunity to provide assistance. Petitioner was unable to obtain his release, however, because Butt County had a hold placed on him. Mr. Wheeler made numerous attempts to have the Butts County hold lifted and to obtain an unsecured bond for Petitioner's release. Despite Mr. Wheeler's attempts to secure Petitioner's release, Butts County did not release Petitioner until just days before Petitioner was scheduled to be sentenced. Mr. Wheeler therefore wrote a letter to the Court requesting that sentencing be continued so Petitioner could have more time to provide assistance to the Government. Following a conference call with Mr. Wheeler and the Government, the Court declined to continue sentencing. Following sentencing, Mr. Wheeler sent additional correspondence to the Government stating that Petitioner wished to provide further intelligence.

At the evidentiary hearing on Petitioner's Section 2255 motion, the Government maintained that Petitioner merely provided intelligence and that his intelligence did not qualify as substantial assistance. The Government explained that Petitioner never presented testimony before a jury or grand jury and that Petitioner never performed any controlled buys for the Government.

Petitioner's testimony at the hearing was inconsistent. Petitioner alleged that Mr. Wheeler told him not to worry about the sentencing enhancement because his criminal history was

overstated. Petitioner also contended that Mr. Wheeler never informed him that he would not receive a reduction for acceptance of responsibility based on his arrest. As such, Petitioner claims that he believed he would be sentenced without the career offender enhancement and with the benefit of sentence reductions for providing substantial assistance and for accepting responsibility. Petitioner stated that he would have insisted on proceeding to trial had he known that he was subject to the career offender enhancement and would not receive a sentence reduction for acceptance of responsibility.

Petitioner's testimony is not credible, however, based on his demeanor at the hearing and contradictions in the record. Although Petitioner claims he was unaware of the sentencing issues until after his sentence was pronounced, Petitioner attached an affidavit to his Section 2255 motion stating that he was informed by Mr. Wheeler prior to sentencing that he would be sentenced to twenty years imprisonment. The affidavit states that although he would be sentenced to twenty years, there was an understanding that the Government would file a substantial assistance motion. Additionally, Petitioner's contention at the hearing that he would have proceeded to trial had he known his sentencing exposure is contradicted by Petitioner's memorandum supporting his Section 2255 motion, in which he states, "Respectfully, there was never any mention or hint made by [Petitioner] regarding the *unthinkable possibility* of his proceeding to trial." Doc. 130 at 35 (emphasis added). Moreover, Petitioner's credibility is called into doubt by his contention that he gave dishonest answers to the Court's questions at his change of plea hearing.

<u>DISCUSSION</u>

Petitioner alleges five grounds for relief: (1) that counsel was ineffective for failing to file objections to the PSR; (2) that counsel was ineffective for failing to object to the denial of a

8

sentence reduction based on acceptance of responsibility; (3) that counsel was ineffective for failing to review the PSR with Petitioner in a timely manner; (4) that counsel's ineffectiveness rendered Petitioner's guilty plea unknowing and involuntary; and (5) that the Government breached its plea agreement by failing to file a Section 5K1.1 or Rule 35(b) motion based on Petitioner's cooperation.[3] Because Petitioner has failed to show that he was prejudiced by counsel's performance, he is not entitled to relief on his claims of ineffective assistance of counsel. Because Petitioner's plea agreement stated that the filing of a substantial-assistance motion for a downward departure from the sentencing guidelines was at the Government's discretion, Petitioner is not entitled to relief on his claim that the Government breached the plea agreement.

### 1.   Ineffective Assistance of Counsel

Petitioner's first four grounds for relief are based on claims of ineffective assistance of counsel. The Sixth Amendment of the United States Constitution states that "in all criminal prosecutions, the accused shall enjoy…the Assistance of Counsel for his defense." U.S. CONST. amend. VI. The right to counsel provision provides the accused the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771, n. 14 (1970).  To prevail on a claim of ineffective assistance of counsel, the petitioner bears the burden of establishing by a preponderance of the evidence that: 1) his attorney's performance was deficient, *and* 2) he was prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668, 687 (1984);

---

[3] Petitioner's motion also contains a ground challenging the appeal and collateral attack waiver in his plea agreement and a ground alleging cause and prejudice to overcome procedural default. Because Petitioner was previously granted an out-of-time appeal and because the Court is addressing the merits of his Section 2255 motion, it is unnecessary to discuss the enforceability of the waiver. Additionally, because the Government did not contend that Petitioner's grounds were procedurally defaulted, it is unnecessary to discuss cause and prejudice regarding procedural default.

Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000). A petitioner must prove both prongs of the Strickland test to show his counsel was ineffective. Id.

To establish deficient performance, a petitioner must prove that his counsel's performance was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). A strong presumption exists that the counsel's performance was reasonable and the challenged action constituted sound strategy. Id.  In order to establish that counsel's performance was unreasonable, a petitioner must show that no objectively competent counsel would take the action in question. Van Poyck v. Florida Department of Corrections, 290 F.3d 1318, 1322 (11th Cir. 2002). In the context of a guilty plea, a petitioner must demonstrate that counsel's advice was outside the range of competence demanded of attorneys in criminal cases. Hill v. Lockhart, 474 U.S. 52, 58 (1985).

To establish prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's inadequate representation, the outcome of the proceedings would have been different. Strickland, 466 U.S. at 697; Meeks v. Moore, 216 F.3d 951, 960 (11th Cir. 2000). In the context of a guilty plea, a petitioner must establish "that there is a reasonable possibility that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." Hill, 474 U.S. at 58-59. If a petitioner fails to prove that he has suffered prejudice, the court need not address the deficient performance prong of the Strickland test. Holiday v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000).

   a.   Counsel's failure to object to PSR

Petitioner contends that counsel was ineffective for failing to object to erroneous information in the PSR. Petitioner's contentions refer the PSR's findings regarding Petitioner's

criminal history and the career offender enhancement. Under the Sentencing Guidelines, a defendant qualifies as a career offender if "(1) the defendant was at least eighteen years old at the time defendant committed the instant offense of conviction, (2) the instant offense of conviction is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. For purposes of determining whether a defendant qualifies as a career offender, a controlled substance offense is "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the…distribution…of a controlled substance (or counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to…distribute…." U.S.S.G. § 4B1.2(b). Additionally, a crime of violence is an offense under federal or state law punishable by imprisonment for a term exceeding one year that "has an element of use, attempted use or threatened use of physical force against the person of another…." U.S.S.G. § 4B1.2(a)(1).

It is uncontroverted that Petitioner's criminal history qualifies him as a career offender. On September 10, 1996, Petitioner pleaded guilty to aggravated assault and possession of cocaine with intent to distribute. Doc. 139-1; PSR ¶¶ 24, 35,37. Petitioner received a five year sentence to serve on the aggravated assault charge and a consecutive split-sentence of three years to serve and two years of probation on the possession of cocaine with intent to distribute charge. Id. at ¶¶ 35, 37. Because aggravated assault and possession of cocaine with intent to distribute qualify as predicate offenses and because Petitioner was over eighteen years old when he committed the federal crack cocaine distribution offense, Petitioner qualifies as a career offender.

Petitioner contends that his criminal history is overrepresented. "If reliable information indicates that the defendant's criminal history category substantially over-represents the

11

seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted." U.S.S.G. § 4A1.3; see also United States v. Adams, 316 F.3d 1196, 1199 (11th Cir. 2003). In determining whether a downward departure is appropriate, courts consider the pattern and timing of prior convictions and the presence of other criminal behavior in the intervening periods. Adams, 316 F.3d at 1199. "An example [of circumstances warranting downward departure] might include the case of a defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." Id. (quoting commentary to U.S.S.G. § 4A1.3).

Petitioner's criminal history is not overrepresented so as to qualify him for a downward departure. Petitioner's PSR indicates eight convictions between 1995 and 2005. The PSR also indicates other arrests for drug offenses that did not lead to convictions. As such, Petitioner has failed to show that his criminal history is overrepresented.

Petitioner also contends that the PSR wrongfully lists a nonexistent Butts County arrest for possession of cocaine. The PSR lists an August 23, 2001, Butts County arrest for possession of cocaine that was dismissed, case number 02-R-203. Petitioner alleges that he has never been arrested in Butts County for possession of cocaine. To support his claim, Petitioner attaches a letter from the Butts County clerk of court stating that case number 02-R-203 is not in Petitioner's name. Even if the PSR wrongfully listed this arrest, Petitioner was not prejudiced by counsel's failure to object to its inclusion in the PSR because the arrest was not used to enhance Petitioner's sentence. Moreover, without considering this arrest, Petitioner's criminal history is still so significant that a downward departure would not be warranted.

Because Petitioner's criminal history qualifies him as a career offender and because his criminal history is not overrepresented, counsel's performance was not deficient for failing to object to the PSR and Petitioner was not prejudiced by counsel's performance.

     b.  <u>Counsel's failure to object to the denial of acceptance of responsibility</u>

Petitioner contends that counsel was ineffective for failing to object to the Court's denial of a sentence reduction for acceptance of responsibility. Following his arrest on the initial indictment and release on bond, Petitioner was rearrested for possession with intent to distribute cocaine. Petitioner was arrested after he sold crack cocaine to confidential informants on two separate occasions. A superseding indictment was returned against Petitioner charging Petitioner with these additional charges. Petitioner then entered into the plea agreement, in which the Government agreed to file a motion for a sentence reduction based on acceptance of responsibility. The Government upheld its agreement and filed a motion for a sentence reduction based on acceptance of responsibility. Although the PSR indicated that it was the opinion of the probation office that Petitioner had not demonstrated an acceptance of responsibility, the Government did not affirmatively argue against a departure for acceptance of responsibility at sentencing. The Court declined to grant Petitioner a reduction based on acceptance of responsibility.

Under the circumstances of this case, Petitioner was not entitled to a sentence reduction for acceptance of responsibility. A defendant may have his sentence reduced for acceptance of responsibility if he "clearly demonstrates acceptance or responsibility for his offense." U.S.S.G. § 3E1.1(a). A court may consider subsequent criminal conduct when determining if a decrease for acceptance of responsibility is warranted. <u>United States v. Villarino</u>, 930 F.2d 1527, 1529 (11th Cir. 1991). The Eleventh Circuit has held that "a defendant who continues to participate in

the conduct that formed the basis of the offense for which he was sentenced…is not entitled to a reduction for acceptance of responsibility." Id. (citing United States v. Scroggins, 880 F.2d 1204, 1215-16 (11th Cir. 1989). Because Petitioner continued to sell crack cocaine after his initial arrest for selling crack cocaine, Petitioner was not entitled to a reduction for acceptance of responsibility.

Because Petitioner was not entitled to a reduction for acceptance of responsibility, counsel was not deficient for failing to object to the Court's denial of the reduction, and Petitioner was not prejudiced by counsel's performance.

### c.   Counsel's failure to review PSR with Petitioner in a timely manner

Petitioner contends that counsel was ineffective for reviewing the PSR with Petitioner ten days prior to sentencing. The PSR must be disclosed to the defendant and defendant's counsel at least ten days prior to sentencing. 18 U.S.C. § 3552(d).[4] It is undisputed that counsel did not review the PSR with Petitioner until four days prior to sentencing. Petitioner, however, has failed to show that he was prejudiced by counsel's failure to review the PSR earlier. As discussed above, Petitioner has failed to show that counsel was ineffective for failing to object to the PSR. Because Petitioner has failed to show that he was prejudiced by counsel's performance, Petitioner is not entitled to relief.

### d.   Counsel's ineffectiveness renders Petitioner's plea involuntary

Petitioner contends that counsel's failure to inform him that he would be sentenced as a career offender and that he would not receive a reduction or acceptance of responsibility caused Petitioner to enter into an unknowing and involuntary plea. Petitioner also contends that counsel failed to properly inform him of his sentencing exposure. Where, as here, a defendant "pleads

---

[4] Rule 32(e)(2) of the Federal Rules of Criminal Procedure states that the probation officer must provide the PSR to defendant and defendant's counsel at least thirty-five days prior to sentencing.

guilty relying upon his counsel's best professional judgment, he cannot later argue that his plea was due to coercion by counsel." Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984). Moreover, the Eleventh Circuit has made it clear that counsel's failure to predict a defendant's ultimate sentence does not amount to prejudice when the defendant is properly warned of his minimum and maximum penalties by the court. See, e.g., United States v. Pease, 240 F.3d 938, 941-42 (11th Cir. 2001).

Although Petitioner contends that he was unaware that he would be sentenced as a career offender and would not receive a reduction for acceptance of responsibility, the record shows otherwise. Counsel informed Petitioner from the outset that the two major issues that would increase Petitioner's sentence were (1) that he qualified as a career offender and (2) that his subsequent arrest would preclude him from getting a reduction for acceptance of responsibility. Counsel informed Petitioner that he would likely be sentenced as a career offender and would not receive a reduction for acceptance of responsibility. As such, the focus of the defense was to cooperate with the Government as much as possible to secure a motion to reduce his sentence for providing substantial assistance.

Moreover, the record indicates that, during the change of plea hearing, the Court informed Petitioner of the length of time that he could be incarcerated and the consequences of his guilty plea. Doc. 119. After informing Petitioner that he faced a maximum of twenty years imprisonment, the Court stated:

> THE COURT: I assume you and Mr. Wheeler have tried to estimate approximately what your sentence will be in this case. Is that true?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: I want you to understand that you may not rely on any estimate made by anyone at this time as to what your sentence may be in this case and that you should not enter a plea of guilty in reliance on any such estimate. The reason

is that when you are sentenced, the Court will rely on the presentence report filed by the probation office. That report has not been written. No one knows today what it will contain, and it is possible that it could contain material about you which you do not anticipate now, but which could cause your sentence to be more severe than you now believe. Do you understand that?

THE DEFENDANT**:** Yes, sir.

Doc. 119. The Court clearly informed Petitioner that he was potentially subject to a harsher sentence than that predicted by his counsel.[5] As such, any defect in counsel's prediction of Petitioner's sentencing guideline range was cured by the Court during the change of plea hearing. Additionally, there was further discussion at the change of plea hearing regarding Petitioner's classification as a career offender. Petitioner also submitted an affidavit stating that counsel informed him that he would be sentenced to twenty years. As such, Petitioner's contention that he was unaware of these issues is without merit.

Petitioner has also failed to show that he was prejudiced by counsel's performance regarding the voluntariness of his guilty plea. As discussed above, to establish prejudice in the context of a guilty plea, a petitioner must show that but for counsel's performance he would have insisted on proceeding to trial. Hill, 474 U.S. at 58-59. Petitioner maintained in his Section 2255 motion that it was unthinkable to proceed to trial in his case. As such, Petitioner has failed to show that there was a reasonable probability that he would have insisted on proceeding to trial.

Because counsel informed Petitioner of the consequences of the guilty plea and because Petitioner has failed to demonstrate that he would have insisted on proceeding to trial, Petitioner has failed to show that counsel's performance was deficient or that he was prejudiced by counsel's performance. As such, Petitioner's contentions are without merit.

**2. Government's alleged breach of the Plea Agreement**

---

[5] Although Petitioner testified at the evidentiary hearing that nearly all of his answers to the Court at his change of plea hearing were untrue, Petitioner's testimony at the evidentiary hearing was not credible with regard to his intent at the time he entered his plea.

Petitioner contends that the Government breached the plea agreement by failing to file a Section 5K1.1 or Rule 35(b) motion for a sentence reduction for providing substantial assistance. Petitioner signed the plea agreement stating that he understood that the decision whether Petitioner's cooperation constituted substantial assistance remained in the Government's discretion. The Government asserts that the intelligence provided by Petitioner did not constitute substantial assistance. The Government's position is based on the fact that Petitioner never testified before a jury or grand jury and that Petitioner did not perform any controlled buys for the Government. Because Petitioner was unable to obtain his release from Butts County Jail despite counsel's diligence, Petitioner was unable to provide the assistance that the Government sought. Although it appears that Petitioner made multiple efforts to cooperate while incarcerated, his inability to be released prior to sentencing prevented Petitioner from providing the necessary assistance to the Government.

Additionally, the Government's refusal to file a substantial-assistance motion does not provide Petitioner with grounds for relief. A district court can only review the government's refusal to file a substantial-assistance motion and grant a remedy if the court finds that the refusal to file the motion was based on an unconstitutional motive such as race or religion. Wade v. United States, 504 U.S. 181, 185-86 (1992). Petitioner has not alleged an unconstitutional motive. As such, the Court cannot consider the Government's failure to file a substantial-assistance motion as a ground to vacate his sentence.

CONCLUSION

Because Petitioner has failed to show that he received ineffective assistance of counsel and because Petitioner has failed to show that the Government breached the plea agreement, it is hereby **RECOMMENDED** that Petitioner's Section 2255 motion be **DENIED**.

In addition, pursuant to the requirements of Section 11(a) of the Rules Governing Section 2255 Proceedings, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court **DENY** a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN FOURTEEN (10) DAYS after being served a copy thereof.

**SO RECOMMENDED**, this 28th day of November, 2012.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

18